On Application for Rehearing.
 

 PER CURIAM.
 

 The Mutual Benefit Health & Accident Association, in its petition for a rehearing, contends that our interpretation of the exclusion clause in the policy in question is-not warranted by the wording of the clause..
 

 The association complains also that we-should have quoted and construed the whole-paragraph, which reads as follows:
 

 “(a) This policy does not cover death,, disability, or other loss sustained in any part of the world except the United States, and Canada, or while engaged in military or naval service, or while the Insured is-not continuously under the professional care and regular attendance, at least once a. week, beginning with the first treatment, of a licensed physician or surgeon, other than himself; or received because of or while participating in aeronautics; or resulting-from insanity; or disability from any disease of organs which are not common to-both sexes.”
 

 The association contends 'that the-words “resulting from” mean not only “resulting from insanity”, but mean also “resulting from any disease of organs which are not common to both sexes.” It is argued therefore that the exclusion clause should be construed so as to exempt the in
 
 *767
 
 surer from liability for a disability resulting from any disease of organs which are not common to both sexes. For it is pointed out that the phrase “resuling from” has a meaning similar to “originating in”.
 

 In connection with this argument in the application for a rehearing the association has substituted a comma (,) for the semicolon (;) between the word “insanity” and the phrase “or disability from any disease of organs which are not common to both sexes”.
 

 We have no doubt that this change in the punctuation in the exclusion clause was made accidentally in the petition for a rehearing.
 

 We believe yet that to quote all of the exempting paragraph, instead of quoting only the clause which is pertinent to the issue in this case, does not give any aid in construing the clause. That is why we quoted only the pertinent clause in the exempting paragraph, — thus:
 

 “This policy does not cover * * * disability from any disease of organs which are not common to both sexes.”
 

 In order to construe the words “resulting from” as being applicable to “any disease of organs which are not common to both sexes”, it would be necessary not only to change the punctuation mark from a semicolon to a comma, after the word “insanity”, as the association has done in the application for a rehearing, but it would be necessary also to strike out the word “disability”, after the word “or”, so that the whole phrase would read thus: “disability * * * resulting from insanity, or * * * from any disease of organs which are not common to both sexes.”
 

 We have read again paragraph (a), which is copied in the transcript from the insurance policy itself, and which is correctly quoted in the briefs for the association, as well as in the briefs for the plaintiff, filed in this court on the original hearing of the case. In the briefs of both parties the clauses are punctuated exactly as they are in the insurance policy, and are copied accurately, — thus: “or resulting from insanity; or disability from any disease of organs which are not common to both sexes”. We have no right to transpose these phrases so as to make them mean that the policy does not cover disability resulting from any disease of organs which are not common to both sexes. The latter phrase, “or disability from any disease of organs which are not common to both sexes” stands alone, and has no reference whatever to the words “resulting from”, which words have reference only to the word “insanity”, thus: “or resulting from insanity”.
 

 It is argued in the application for a rehearing that the double indemnity and attorneys’ fee, provided for in Act 310 of 1910, are allowable only to an assured, individually, and not to the administrator of his or her estate. The argument puts too narrow a construction upon the statute.
 

 There is no other argument made in the petition for a rehearing that was not made on the original hearing of the case.
 

 The application for a rehearing is refused.